IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LYNNE L. THOMPSON,

        Plaintiff,                         21cv1252
                                           ELECTRONICALY FILED

              v.

ALLEGHENY COUNTY DISTRICT
ATTORNEY'S OFFICE, et al,

        Defendants.

**ORDER OF COURT**
**ADOPTING REPORT AND RECOMMENDATION**

Plaintiff, Lynne Thompson filed a *pro se* action in the above-captioned case. (ECF 1)

The lawsuit filed on September 17, 2021.  Id.  Plaintiff's Complaint asserts claims against

various defendants, including three magisterial district judges, the Allegheny County District

Attorney's Office and several of its employees, and Bitar.  Id.  Plaintiff's Complaint (which is

exceedingly difficult to understand) seemingly challenges the constitutionality of her arrest,

prosecution, and bond in a pending state court criminal proceeding, Plaintiff claims that Bitar is

the person who "started it all."  Id.

On November 22, 2021, Plaintiff filed the instant Motion for Default Judgment and Brief

against Bitar, contending that she served a copy of "this within Civil Action" to Bitar by FedEx

at his law office on September 17, 2021, and that service was accepted. ECF No. 26, ¶ 1.

Because Bitar had not entered his appearance as of November 22, 2021, Plaintiff argues that the

Court should enter default judgment against him. Id. ¶¶ 2-3.

On December 6, 2021, counsel for Bitar entered his appearance. ECF No. 29. Bitar then

filed a Response to the Motion to Default Judgment on December 17, 2021. ECF No. 35. Bitar

argues that Plaintiff never properly served him, because mailing a copy of a complaint to an

individual at his place of business is not proper service, there is no record she served a summons,

and she has not submitted proof of service. Id. at 1-3.

United States District Court Magistrate Judge Maureen Kelly, who initially reviewed this

issue found as follows:

Upon review, Plaintiff's Motion for Default Judgment should be denied. Under Federal
Rule of Civil Procedure 55, Plaintiff's Motion for Default Judgment is premature because she
did not first request the Court to enter default. As Bitar points out, Plaintiff also does not proffer
proof that she properly served the summons on Bitar. See Fed. R. Civ. P. 4. Even if Plaintiff had
satisfied the procedural requirements, however, default judgment would be improper. Bitar
entered his appearance shortly after Plaintiff filed the instant motion, and there is no indication
that this relatively short delay was the result of any misconduct. Moreover, Plaintiff did not
suffer any prejudice as a result of this brief delay. Defendants filed Motions to Dismiss, and the
undersigned has submitted a pending Report and Recommendation recommending that Plaintiff
be required to re-plead her Complaint because it does not comply with Federal Rule of Civil
Procedure 8. ECF No. 53.

ECF 54.

Upon this Court's independent review of the Record, and upon consideration of

Magistrate Judge Kelly's May 5, 2022 Report and Recommendation:

IT IS HEREBY ORDERED that the Magistrate Judge's May 3, 2022, Report and

Recommendation (ECF 54) is adopted as the Opinion of this Court, and the Motion for Default

Judgment against Defendant Bitar is DENIED.

SO ORDERED, this 17th day of August, 2022
 s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc:      All Registered ECF Counsel and Parties
              and
         Lynne Thompson
         Box 17233
         Pittsburgh, PA 15235